IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,456-01




EX PARTE DAVID ERON BOUKNIGHT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 06-0511 IN THE 71ST DISTRICT COURT
FROM HARRISON COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
indecency with a child and sentenced to ten years’ imprisonment. 
            Applicant contends that his counsel rendered ineffective assistance because counsel informed
him that he would file an appeal on Applicant’s behalf when Applicant had no right to appeal from
his plea bargain agreement. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from counsel responding to Applicant’s claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant was informed by counsel
that he had a right to appeal and that counsel would file an appeal on Applicant’s behalf. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: October 13, 2010
Do not publish